UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEMUEL L. COOPER,

    Plaintiff,

v.                                     Case No.  5:24-cv-38-MCR-MJF

SERGEANT KIRKLAND, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Lemuel Cooper, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint. Doc. 18. The undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Cooper's abuse of the judicial process in failing to disclose his litigation history completely and honestly.

### I. Background

Cooper (DC #G15471) is a Florida prisoner confined at the Jackson Correctional Institution. Doc. 18 at 2 in ECF.[1] Cooper is suing four prison

---

[1] Citations to page numbers are to the numbers assigned by the District Court's Electronic Case Filing system ("ECF").

Page 1 of 14

officials at Jackson CI in their individual and official capacities. *Id.* at 2-4. Cooper claims that the Defendants violated the Eighth Amendment on October 5, 2023, when they falsely accused Cooper of being high and, after Cooper denied the accusation and "ple[d] the 5th Amendment," forced Cooper to "eat a substance/drug." *Id.* at 6-7. Cooper alleges that as a result of ingesting *that* substance, he became intoxicated. *Id.* at 8. Cooper seeks monetary damages and injunctive relief. *Id.* at 9.

## II.   DISCUSSION

### A.   Screening of Cooper's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing action without prejudice as sanction for *pro se* prisoner's lying under penalty of perjury about the existence of a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . . ."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012).

**B.    Cooper's Reponses to Questions on the Complaint Form**

Cooper provided answers to Section VIII of the civil rights complaint form which requires him to disclose his litigation history. Doc. 18 at 10-14. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 11-12. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.* at 11-13.

In response to the foregoing questions, Cooper responded "Yes" to Questions VIII(A) and VIII(C). *Id.* at 11-12. Cooper then disclosed: (1) six cases he filed in the United States District Court for the Middle District of Florida and (2) several cases he filed in the state courts. *Id.* at 11-14, 18-20.

At the end of the civil rights complaint form, Cooper signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 18 at 14-15. Thus, Cooper has in effect stated that at the time he filed this lawsuit, he had not filed any other case in federal court that (1) was dismissed as frivolous, as malicious, for failure to state a claim, or prior to service, (2) challenged his conviction, or (3) related to the conditions of his confinement.

**C.    Cooper's Omissions**

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Cooper filed his original and amended complaints in this case, he had filed *at least* two prior cases that required disclosure.[2] Specifically, on January 31, 2022, Cooper filed a case in the United States District Court for the Northern District of Florida that related to the conditions of his confinement at the Northwest Florida

---

[2] By confining this discussion to two cases, the undersigned does not imply that they are the *only* cases Cooper was required, but failed, to disclose. The undersigned explicitly warned Cooper that it was his obligation to determine and disclose all of his prior cases. *See* Docs. 4, 15.

Reception Center. *See Cooper v. Fla. Dep't of Corr., et al.*, No. 5:22-cv-27-TKW-MJF (N.D. Fla. Jan. 31, 2022) (Pl.'s "Notice of Intent to Sue Pursuant to Title 42 U.S.C. § 1983"). The case was dismissed on May 5, 2022, prior to service, because Cooper failed to comply with court orders. *See* No. 5:22-cv-27-TKW-MJF, Doc. 6 (Order of Dismissal). Cooper was aware of this case and its dismissal, as evidenced by his subsequent correspondence seeking to file a belated amended complaint. *See* No. 5:22-cv-27-TKW-MJF, Doc. 8 (Pl.'s Letter).

Additionally, on September 29, 2022, Cooper initiated a second case in the United States District Court for the Northern District of Florida by filing a pleading titled "Criminal Complaint Affidavit" that related to the conditions of his confinement at NWFRC. *See Cooper v. Tripp, et al.*, No. 5:22cv230-TKW-MJF (N.D. Fla. Sept. 29, 2022). The case was dismissed on November 1, 2022, upon Cooper's notice of voluntary dismissal. *See* No. 5:22-cv-230-TKW-MJF, Doc. 6 (Pl.'s Notice of Voluntary Dismissal); Doc. 7 (Order Closing Case).

Cooper did not disclose either of the foregoing cases in his original or amended complaints filed in the present case. *See* Docs. 1, 6, 18.

The foregoing cases fall squarely within the complaint form's disclosure requirements. They were federal cases that (1) related to the conditions of Cooper's confinement and (2) were dismissed prior to service. Plaintiff's failure to disclose Case No. 5:22-cv-27-TKW-MJF and Case No. 5:22-cv-230-TKW-MJF violates his duty of candor to this court.

**D.   The Materiality of Cooper's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Cooper falsely responded to questions on the complaint form as detailed above. Cooper knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Doc. 18 at 10.

Cooper cannot genuinely argue that he did not understand that the complaint form required him to disclose federal cases he opened by filing a "Criminal Complaint Affidavit" or similar document. That was the same type of pleading Cooper used to open several cases in the Middle District—cases that Cooper disclosed in response to Questions VIII(A) and VIII(C) of his second amended complaint. *See* Doc. 18 at 11, 13, 19 (disclosing Middle District Case No. 3:21-cv-831-MMH-PDB; Case No. 3:21-cv833-MMH-MCR; Case No. 3:21-cv-893-BJD-JK; Case No. 3:21-cv-8-HES-PDB; and Case No. 3:21-cv-986-TJC-MCR).

A penalty is warranted both to deter Cooper from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.   **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936; *Burrell*, 857 F. App'x at 625. The court should not allow Cooper's false responses to go unpunished. *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a prior case; noting that the case fell "squarely within the complaint form's disclosure requirements"); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (same).

If Cooper suffered no penalty for his untruthful responses, there would be little or no disincentive for Cooper's attempt to evade or

undermine the purpose of the form. An appropriate sanction for Cooper's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

No lesser sanction would suffice to deter this type of conduct. For example, providing Cooper an opportunity to amend his complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Harris*, 498 F. App'x at 964-65 (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the

Complaint form should have known, that disclosure of the relevant prior actions was required"); *Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *see also Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (citing multiple cases for the proposition that "[t]he Court cannot simply allow [the prisoner] to file an amended complaint listing the omitted case because that would not be an adequate sanction or deterrent.").

Furthermore, Cooper's attempt to qualify his responses with the statement, "All cases I can remember to best of my ability attached," does not excuse Cooper's conduct. The undersigned explicitly advised Plaintiff in the order requiring amendment:

> If Plaintiff does not have sufficient records or cannot remember the cases he has filed, he must contact the relevant court(s) to determine those cases so that he can make a full, complete, and honest accounting of them, including whether

any prior federal case was dismissed as frivolous, malicious, for failure to state a claim, or prior to service. Plaintiff should retain a copy of his inquiry letter (and any response he receives) as evidence that he made a reasonable, good-faith effort to accurately disclose his litigation history.

Doc. 4 at 2; *see also* Doc. 15 at 3-6.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for maliciousness and abuse of the judicial process under 28 U.S.C. §§ 1915A(b)(1) and § 1915(e)(2)(B)(i).

2. The clerk of the court enter judgment accordingly and close this case file.

At Panama City, Florida, this 23rd day of July, 2024.

/s/ Michael J. Frank
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within**

**fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**